UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELENA A. ALESSI, in her capacity
as Executor of plaintiff-decedent
Elena Muscarella's estate,

                Plaintiff,

               -v-                     1:22-CV-1416

DEPUY ORTHOPAEDICS, INC.,
DEPUY PRODUCTS, INC.,
DEPUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON SERVICES,
INC., & DOES 1-10,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

FINKELSTEIN & PARTNERS, LLP     KENNETH B. FROMSON, ESQ.
Attorneys for Plaintiff
1279 Route 300
Newburgh, NY 12550

BARNES & THORNBURG LLP         JAMES F. MURDICA, ESQ.
Attorneys for Defendants
390 Madison Avenue, 12th Floor
New York, NY 10017-2509

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

On December 19, 2013, plaintiff Elena Alessi ("Alessi" or "plaintiff"), as executor of plaintiff-decedent Elena Muscarella's ("Muscarella") estate,[1] filed this action as part of a multi-district litigation ("MDL") proceeding in the U.S. District Court for the Northern District of Texas. Dkt. No. 1.

Plaintiff's complaint alleges that Muscarella suffered injuries as a result of being implanted with the Pinnacle Hip Implant Device—a device developed and manufactured by defendant DePuy Orthopaedics, Inc. and its affiliated entities for the purpose of reconstructing diseased hip joints.[2] *See* Dkt. No. 1.

In December of 2022, following a lengthy period of discovery, defendants filed three motions: (1) a motion to exclude the testimony of several of Alessi's experts; (2) a motion for summary judgment under Federal Rule of Civil Procedure 56; and (3) an omnibus motion *in limine*. Dkt. Nos. 20, 21, 26.

Shortly afterward, though, the Northern District of Texas transferred the case to the Northern District of New York for the purpose of trial. *See* Dkt. Nos. 33, 34, 36. The case was sent to this District because decedent was a

---

[1] Originally, Muscarella was the named plaintiff in this action. *See* Dkt. No. 1. However, on March 10, 2019, Muscarella passed away, and after motion practice, Muscarella's daughter, Alessi, substituted her as the plaintiff in this action. *See* Dkt. Nos. 11, 13, 16.

[2] Ultimately, this individual action was not selected as one of the bellwether trials, nor was it included as part of the Pinnacle settlements.

New York citizen who lived in Ulster County, New York.  Compl. ¶ 1; 28 U.S.C. § 112(a) (including Ulster County in the Northern District of New York).  This action was assigned to Senior U.S. District Judge Thomas J. McAvoy, but he recused himself and the matter was reassigned.  Dkt. No. 44.

On February 22, 2023, U.S. Magistrate Judge Christian F. Hummel held a status conference in this case and, after hearing from the parties about the motions defendants had filed back in Texas, ordered those motions restored to the Court's active docket.  Dkt. No. 48.

Defendants' motions have been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. DISCUSSION

### A. Motion to Exclude Expert Testimony

First, defendants seek to exclude the testimony of sixteen expert witnesses who were previously disclosed by Alessi as retained experts in previous MDL trial cases in the Northern District of Texas.  *See* Dkt. No. 20.  In support of their motion, defendants reference and incorporate the arguments set forth in their prior motions to exclude the testimony of these experts, which were filed in connection with the previous MDL trial cases.  *See id.*

But defendants' motion does not appear to have attached their prior briefings, nor does it provide an analysis as to why each expert's testimony should be excluded.  *See* Dkt. No. 20.  As this case has been subsequently

transferred to Northern District of New York, the Court is without access to defendants' prior briefings and the arguments set forth in them. Without access to such information, the Court is unable to make an intelligent decision on defendants' motion to exclude expert testimony. Accordingly, defendants' motion shall be denied without prejudice to renew.

## B. Motion for Summary Judgment

Second, defendants move for summary judgment on the basis that Alessi's claims are expressly preempted by federal law. *See* Dkt. No. 21. According to defendants, plaintiff's theory of relief; *i.e.*, that ceramic-on-metal hip implants are inherently defective, fails as a matter of law because the U.S. Food and Drug Administration granted pre-market approval to the ceramic-on-metal Pinnacle Hip Implant Device.

As a threshold matter, defendants' motion for summary judgment does not comply with this District's Local Rules.[3] Specifically, defendants have failed to comply with Local Rule 56.1, which requires a party moving for summary judgment to "identify—in a separate document called a statement of material facts—the undisputed material facts that entitle them to judgment as a matter of law on the claim or defense at issue." *Krul v. DeJoy*, --F. Supp. 3d--

---

[3] This is understandable given that defendants' motion was filed in the Northern District of Texas prior to being transferred to this District.

, 2023 WL 8449589, at *14 (N.D.N.Y. Dec. 6, 2023) (citing N.D.N.Y. L.R. 56.1(a)).

Defendants' failure to comply with Local Rule 56.1 makes it difficult to efficiently determine whether genuine issues of material fact warrant a trial or require judgment in defendants' favor. The issues in this case appear complex. They are not the kind of legal or factual issues that readily lend themselves to judicial resolution by a generalist court. In short, the Court would benefit from additional assistance from the parties (especially in the form of compliance with the Local Rules). Accordingly, defendants' motion for summary judgment will also be denied without prejudice to renew.

### C. Motion *in Limine*

Third and finally, defendants seek to exclude certain evidence and arguments in advance of trial. *See* Dkt. No. 26. In support of this motion, defendants incorporate by reference the arguments set forth in their prior motions *in limine*, which were filed in the Northern District of Texas in relation to previous MDL trial cases. *See id.*

As before, defendants do not appear to have attached their prior briefings, nor have they provided a sufficient analysis as to why certain evidence should be excluded. *See* Dkt. No. 26. Absent substantially more, the Court is unable

to adequately rule on defendants' motion *in limine*. Accordingly, defendants' motion will be denied without prejudice to renew.

## III. <u>CONCLUSION</u>

The Court recognizes that Judge Hummel ordered these motions restored to the active docket in the interest of judicial economy. But the filings—at least in their current state—do not fully present the issues. So defendants' motions are denied without prejudice to renew them by curing the defects.

Although the Court, by this Order, *sua sponte* extends trial management and any other deadlines necessary to make these re-filed motions timely, this is not an invitation for either party to file different or additional motions or to make new arguments. Instead, this is just an opportunity to re-brief what was previously filed.

Therefore, it is

ORDERED that

1. Defendants' motions are DENIED without prejudice;

2. Defendants shall have thirty days in which to re-file these motions or to file a status report;

3. If defendant re-files some or all of these motions, the Clerk of the Court will be directed to set briefing deadlines; and

4. The motions will be taken on the submission of the papers unless otherwise ordered by the Court.

The Clerk of the Court is directed to terminate the pending motions.

IT IS SO ORDERED.

Dated: January 4, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge